## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AHMAD M. AJAJ, | ) | |
| No. 40637-054, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01245-SMY |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| BUREAU OF PRISONS, | ) | |
| WENDY J. ROAL, | ) | |
| LISA J.W. HOLLINGSWORTH, | ) | |
| MELISSA WINN, | ) | |
| JEFF BANEY, | ) | |
| JOHN PARENT, | ) | |
| BLAKE R. DAVIS, | ) | |
| ROBERT ROLOFF, | ) | |
| PAUL SCOFIELD, | ) | |
| PAUL HARVEY, | ) | |
| KEITH HARRISON, | ) | |
| JEFFREY IRVIN, | ) | |
| MILTON NEUMANN, | ) | |
| G. FOZZARD, | ) | |
| DAVID SZOKE, | ) | |
| HENRY RIVAS, | ) | |
| STEVEN CARDONA, | ) | |
| BASHAR MURAD, | ) | |
| JEFFREY D. ALLEN, | ) | |
| MARLA PETERSON, | ) | |
| E. ALEXANDER, | ) | |
| M. WINKLMEIER, | ) | |
| STEVE JULIAN, | ) | |
| BRADFORD, | ) | |
| NEWTON E. KENDIG, | ) | |
| LUKE M. ORMANDY, | ) | |
| LAWRENCE HOWARD, and | ) | |
| MAC McCLEARY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ahmad M. Ajaj is an inmate in the United States Penitentiary at Florence, Colorado. He brings this action seeking redress for a variety of incidents that occurred to him while he was housed in the Communication Management Unit of the United States Penitentiary at Marion, Illinois, which is within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

The 175-page complaint is brought against 29 defendants, including the United States, the Bureau of Prisons, numerous officials within the Bureau and USP-Marion, healthcare officials, a correctional officer, and a contract Imam.

In broad terms, Plaintiff Ajaj alleges: (1) he was denied the right to freely practice his Muslim religion at USP-Marion; (2) excessive force was used against him; (3) he was disciplined for minor infractions—even "legal" behavior—because he is Muslim; (4) his transfer from USP-Marion to USP-Florence-AdMax was unjustified; and (5) those making the decision to transfer him were aware of his many medical ailments, yet he was transferred to a facility that cannot offer him the environment and care he requires.  Each of those broad categories includes multiple subclaims.

Plaintiff pursues claims under the Constitution in accord with *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  He also relies upon the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680; the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*; the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; and the Alien Tort Statute, 28 U.S.C. § 1350, which confers jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."

## Discussion

A preliminary review of the complaint raises two immediate and related concerns: its length and breadth. Although neither is fatal, for the reasons that follow, Plaintiff Ajaj will be given an opportunity to reconsider how he desires to proceed, as his many claims clearly cannot be brought in a single action.

### Federal Rules of Civil Procedure 8 and 10

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 10 requires claims be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and also requires that "each claim founded on a separate transaction or occurrence" be "stated in a separate count" if "doing so would promote clarity." *Id.* 10(b).

At 175 pages, the complaint is certainly long. However, undue length alone does not warrant the dismissal of a complaint if it nevertheless sufficiently states a claim for relief. *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011) (citations omitted). In this situation, the overall length and many subclaims (e.g., Count 1 has 23 subclaims) are necessary under Rule 10 due to the number of claims, bases for liability, and number of defendants. Even if it is a chore to get through, the complaint is relatively concise and clearly stated, satisfying Rule 8.

The concerns stemming from length of the complaint are not, therefore, problematic, *per se*. Although the claims are set forth in the format prescribed by Rule 10, the number of claims raises concerns under Federal Rules of Civil Procedure 18 and 20.

**Federal Rules of Civil Procedure 18, 20 and 21**

According to Federal Rule of Civil Procedure 18, "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed.R.Civ.P. 18(a). As the Court of Appeals for the Seventh Circuit explained in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits…." *Id*. at 607. Thus, in *George* a complaint asserting 50 distinct claims against 24 defendants was not permitted to proceed. Had the buckshot complaint proceeded, the plaintiff would have avoided paying multiple filing fees and avoided the possibility of incurring multiple "strikes" under 28 U.S.C. § 1915(g) for frivolous claims.

Federal Rule of Civil Procedure 20(a) presents a related principle: "[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." For example, "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected." *George*, 507 F.3d at 607. Put more succinctly, discreet and separate claims must be severed if one claim can be resolved despite the outcome of the other claim. *Gaffney v. Riverboat Servs. of Indiana, Inc*., 451 F.3d 424, 442 (7th Cir. 2006).

It does not readily appear that any one defendant is named in all five categories of claims. Moreover, all five categories of claims are not factually or legally related. The claims regarding

religious freedom, excessive force, unjustified discipline, the unwarranted transfer, and medical concerns can each be decided independently from the other claims. Even some of the subclaims in each category may be separate and distinct.

Insofar as Plaintiff has asserted that there is a conspiracy among all 29 defendants, the complaint does not adequately plead a conspiracy that could hold the claims together. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 263 (7th Cir.1999)). The large number of defendants, who are spread-out through the Bureau of Prisons in Washington and Kansas City, and the within the ranks of officials and staff at USP-Marion, make it unlikely that a conspiracy exits. In any event, the bald assertions in the complaint that the Defendants acted in conspiracy fail to satisfy the *Twombly* pleading standard.

Severance of each separate and distinct claim into separate cases is required, pursuant to Federal Rule of Civil Procedure 21, which in turn would entail the assessment of a an additional filing fee for each separate action.

The Court should evaluate each claim for purposes of determining which claims must be severed and whether any "strikes" are warranted. *See George*, 507 F.3d at 507. However, given

the five broad categories of claims, the numerous bases for relief, and the plethora of subclaims, further review is impractical and a poor use of judicial resources.  Therefore, Plaintiff will be given an opportunity to consider how he desires to proceed.  He may file an amended complaint in this case, complying with Rules 8, 10, 18 and 20.  If he desires to, he may also open additional new cases.  In any event, at this juncture only the one filing fee for this particular action will be collected, and no "strikes" will be assessed under section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, on or before **December 31, 2014**, Plaintiff shall file an amended complaint in compliance with this order.  Failure to file an amended complaint will result in the dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 25, 2014**

                                            s/ STACI M. YANDLE
                                            **United States District Judge**