### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHMAD M. AJAJ, )<br>No. 40637-054, )<br>  )<br>        Plaintiff, )<br>  )<br>    vs. )<br>  )<br>UNITED STATES OF AMERICA, )<br>BUREAU OF PRISONS, )<br>WENDY J. ROAL, )<br>LISA J.W. HOLLINGSWORTH, )<br>JEFF BANEY, )<br>JOHN PARENT, )<br>BLAKE R. DAVIS, )<br>PAUL SCOFIELD, )<br>PAUL HARVEY, )<br>JEFFREY IRVIN, )<br>MILTON NEUMANN, )<br>G. FOZZARD, )<br>DAVID SZOKE, )<br>HENRY RIVAS, )<br>STEVEN CARDONA, )<br>JEFFREY D. ALLEN, )<br>MARLA PATTERSON, )<br>E. ALEXANDER, )<br>M. WINKLMEIER, )<br>NEWTON E. KENDIG, )<br>LAWRENCE HOWARD, and )<br>MAC McCLEARY, )<br>  )<br>        Defendants. ) | Case No. 14-cv-01245-SMY |

### **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Ahmad M. Ajaj, a Jordanian citizen, is an inmate in the United States Penitentiary at Florence, Colorado. He brings this action seeking redress for a variety of incidents that occurred to him while he was housed in the Communication Management Unit of

the United States Penitentiary in Marion, Illinois, which is within this judicial district. Plaintiff was at Marion "from 2010 to 2012" (Doc. 18, p. 6).

In accordance with Federal Rule of Civil Procedure 8, the initial complaint was dismissed with leave to amend (Doc. 5). The amended complaint (Doc. 18) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Amended Complaint

The 175-page initial complaint was brought against 29 defendants, including the United States, the Bureau of Prisons, numerous officials within the Bureau and USP-Marion, healthcare officials, a correctional officer, and a contract Imam. The amended complaint is 34 pages long, and the number of defendants has been whittled down to 22. Although the amended pleading still contains pages of extraneous detail, three overarching claims are apparent.

In broad terms, Plaintiff Ajaj alleges a pattern and practice of excessive force and harassment, principally by C/O G. Fozzard, but with the knowledge and approval (or at least inaction) of Defendants Roal, Hollingworth, Baney, Parent, Neumann, Szoke, Rivas, Cardona, Patterson, and Howard (all working at Marion). For example, Fozzard physically assaulted Plaintiff, who has never been known for physical violence while in prison; items were placed in Plaintiff's shoes in order to cause him pain and exacerbate his musculoskeletal problems; shoes were thrown at Plaintiff, which is a tremendous insult in Arab culture; Plaintiff was verbally harassed; he received unwarranted disciplinary reports for activities that are part of his religious practices; and Muslim religious practices were mocked and disrupted. Plaintiff complained and sought assistance from the other nine defendants, to no avail, despite Bureau of Prisons' and institutional rules that require employees to intervene or report such wrongdoing. From Plaintiff's perspective as an Arab Muslim, all ten of these defendants were acting or failing to act because of their prejudice against Plaintiff's race, religion, ethnicity, national origin and political beliefs. [1]

A second broad category of acts at Marion stem from Plaintiff's loss of his left lung to cancer, and a myriad of other physical and mental ailments (musculoskeletal, gastrointestinal, cardio-pulmonary, circulatory and psychological, as well as sleep related). Most of the allegations relate to the interplay between the conditions of confinement and Plaintiff's medical ailments. For example, he was exposed to smoke, dust, allergens, high temperatures and excessive noise, which exacerbated his medical conditions. He was never given a recommended sleep study. He was not given prescribed medications. His diet was not altered to accommodate

---

[1] In order to place Plaintiff's claims in context, one must appreciate that Plaintiff was convicted for his involvement in the 1993 bombing of the World Trade Center. *See United States v. Salameh*, 261 F.3d 271, 274 (2nd Cir. 2001). The amended complaint obliquely asserts that the defendants were motivated in part by Plaintiff's political and religious beliefs, as well as his race and ethnicity.

his medical needs. Follow-up visits with doctors and tests were all denied for non-medical reasons; instead ineffective treatments were offered. Plaintiff contends there was a 2009 settlement agreement with the United States and Bureau of Prisons—known to the defendants—that dictated the conditions of his confinement and medical treatment. Nevertheless, his requests to Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig, Howard and McCleary did nothing. Again, Plaintiff asserts that the defendants were acting or failing to act due to their prejudice against his race, religion, ethnicity, national origin and political beliefs.

The third broad claim centers around Plaintiff's transfer from Marion to the administrative maximum security facility at the United States Penitentiary in Florence, Colorado ("ADX-Florence"). According to the amended complaint, ADX-Florence, being at a high elevation, is itself contraindicated for a person with only one lung. It is further alleged that the harsher conditions of confinement and lack of medical, recreational and other programs and opportunities has a negative impact on his health. Plaintiff contends that officials at Marion and Bureau of Prisons personnel all set Plaintiff up for transfer to ADX-Florence. Medical and psychological records were ignored—Plaintiff was even characterized as a hypochondriac, even though subsequent testing after he left Marion proved he had many serious ailments. It is alleged that Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary either acted with deliberate indifference or negligence, and/or knew about this mistreatment but did nothing. Again, Plaintiff asserts that the defendants were acting or failing to act due to their prejudice against Plaintiff's race, religion, ethnicity, national origin and political beliefs.

Plaintiff pursues claims under the Constitution in accord with *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). He also relies upon the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680; the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06; the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; and the Alien Tort Statute, 28 U.S.C. § 1350, which confers jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."[2] He seeks compensatory and punitive damages, as well as declaratory judgment.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Neumann, Szoke, Rivas, Cardona, Patterson, and Howard, and by implication the United States and Bureau of Prisons, subjected Plaintiff Ajaj to excessive force and harassment in violation of the Eighth Amendment, the Equal Protection Clause of the**

---

[2] Plaintiff cites a number of treaties, none of which are independent avenues for relief. The Convention Against Torture does not provide for a civil cause of action. *See Renkel v. United States,* 456 F.3d 640, 644–45 (6th Cir. 2006); *see also* 18 U.S.C. 2340A(a) (specifying that the Convention applies to acts outside the United States). Similarly, the International Covenant on Civil and Political Rights and the Universal Declaration of Human Rights are not federally enforceable. *See Sosa v. Alvarez–Machain,* 542 U.S. 692, 734–35 (2004). The United Nations' Standard Minimum Rules for the Treatment of Prisoners does not create an independent cause of action either. *See Serra v. Lappin,* 600 F.3d 1191, 1197 (9th Cir. 2010). The Court's review of the United Nations' Basic Principles for the Treatment of Prisoners, Code of Conduct for Law Enforcement Officials, Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, and the Convention on the Elimination of all Forms of Racial Discrimination does not reveal any self-executing language; nor has the Court located any implementing legislation. The American Declaration of the Rights and Duties of Man also fails to create any directly enforceable rights. *Garza v. Lappin*, 253 F.3d 918, 923 (7th Cir. 2001).

> Fourteenth Amendment, Federal Tort Claims Act, the APA and the Alien Tort Claims Act;
>
> **Count 2:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, and by implication the United States and the Bureau of Prisons, subjected Plaintiff to conditions of confinement, including the denial of proper medical care, in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA, and the Alien Tort Claims Act; and
>
> **Count 3:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, were involved in Plaintiff's transfer to ADX-Florence in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA, the Alien Tort Claims Act and the Rehabilitation Act.

### Discussion

As a preliminary matter, the Court notes that—despite Plaintiff's assertions to the contrary—his claims may run afoul of the applicable statutes of limitation, but those issues must wait for another day.

All 22 defendants are implicated, and, with two exceptions, Counts 1-3 state colorable claims and cannot be parsed further at this stage in the proceedings. The amended complaint, as drafted, fails to state any APA and Rehabilitation Act claims regarding Plaintiff's transfer to ADX-Florence (Count 3). Those aspects of Count 3 will be dismissed without prejudice.

The APA provides judicial review for those suffering because of final federal agency action, 5 U.S.C. § 702(a), but by the law's very terms, it does not apply to discretionary agency action, 5 U.S.C. § 701(a). More specifically, prison placement decisions are committed to the discretion of the Bureau of Prisons and, therefore, are not covered by the APA. Because the

APA does not apply to the decision to house Ajaj at ADX-Florence, it does not provide him a remedy to complain of that placement decision.

The Rehabilitation Act requires a plaintiff to allege that (1) he is a qualified person (2) with a disability and (3) he has been denied him access to a program or activity *because* of his disability. *See Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012). Plaintiff does not allege that he was transferred to ADX-Florence *because* of his disabilities; rather, the amended complaint makes clear that the defendants acted out of prejudice based on Plaintiff's race, religion, ethnicity, national origin and political beliefs. Similarly, it is not alleged that Plaintiff could not access any program or activity *because* of his disability.

Count 3 shall otherwise proceed—minus the APA and Rehabilitation Act claims within that count.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Administrative Procedures Act and Rehabilitation Act claims in Count 3, regarding Plaintiff's transfer to ADX-Florence, are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** shall otherwise **PROCEED** against the 22 named Defendants. Consequently, Plaintiff's motion for order (Doc. 21) is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to effect service of process, in accordance with Federal Rule of Civil Procedure 4(i), upon **the UNITED STATES, the BUREAU OF PRISONS, and Defendants WENDY J. ROAL, LISA J.W. HOLLINGWORTH, JEFF BANEY, JOHN PARENT, BLAKE R. DAVIS, PAUL SCOFIELD, PAUL HARVEY, JEFFREY IRVIN, MILTON NEUMANN, G. FOZZARD, DAVID SZOKE, HENRY**

**RIVAS, STEVEN CARDONA, JEFFREY D. ALLEN, MARLA PATTERSON, E. ALEXANDER, M. WINKLMEIER, NEWTON E. KENDIG, LAWRENCE HOWARD and MAC McCLEARY in their official and individual capacities.**

With respect to the United States, and the Bureau of Prisons, pursuant to Federal Rules of Civil Procedure 4(i)(1) and (2), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order; and (3) send by registered or certified mail to the Bureau of Prisons in Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

The Officer/Employee Defendants sued in their official and individual capacities-- **WENDY J. ROAL, LISA J.W. HOLLINGWORTH, JEFF BANEY, JOHN PARENT, BLAKE R. DAVIS, PAUL SCOFIELD, PAUL HARVEY, JEFFREY IRVIN, MILTON NEUMANN, G. FOZZARD, DAVID SZOKE, HENRY RIVAS, STEVEN CARDONA, JEFFREY D. ALLEN, MARLA PATTERSON, E. ALEXANDER, M. WINKLMEIER, NEWTON E. KENDIG, LAWRENCE HOWARD and MAC McCLEARY**—shall be served in accordance with Federal Rules of Civil Procedure 4(i)((2) and (3), which requires service of the summons, complaint and a copy of this Memorandum and Order upon both the United States (via the United States Attorney for the Southern District of Illinois and the Attorney General), the Bureau of Prisons by registered or certified mail (see above), <u>and</u> original service upon each individual. The Clerk of Court shall complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on each Defendant sued in his or her individual capacity; the Clerk

shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **WENDY J. ROAL, LISA J.W. HOLLINGWORTH, JEFF BANEY, JOHN PARENT, BLAKE R. DAVIS, PAUL SCOFIELD, PAUL HARVEY, JEFFREY IRVIN, MILTON NEUMANN, G. FOZZARD, DAVID SZOKE, HENRY RIVAS, STEVEN CARDONA, JEFFREY D. ALLEN, MARLA PATTERSON, E. ALEXANDER, M. WINKLMEIER, NEWTON E. KENDIG, LAWRENCE HOWARD and MAC McCLEARY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 16, 2015**

s/ STACI M. YANDLE
**United States District Judge**