IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHMAD M. AJAJ,
        *Plaintiff,*

v.

UNITED STATES OF AMERICA, et al.,
        *Defendants.*

Case Number:  3:14-cv-01245-SMY-PMF

## ORDER

**FRAZIER, Magistrate Judge:**

Plaintiff Ahmad Ajaj is a federal prisoner currently housed at USP Florence. He initially filed suit on November 3, 2014 (Doc. 1) and he now proceeds on his first amended complaint. (Doc. 18).  Judge Yandle screened Ajaj's complaint pursuant to 28 U.S.C. § 1915A, holding that Ajaj stated the following colorable claims:

**Count 1:** Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Neumann, Szoke, Rivas, Cardona, Patterson, and Howard, and by implication the United States and Bureau of prisons, subjected Plaintiff Ajaj to excessive force and harassment in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA and the Alien Tort Claims Act;

**Count 2:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, and by implication the United States and the Bureau of Prisons, subjected Plaintiff to conditions of confinement, including the denial of proper medical care, in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA, and the Alien Tort Claims Act; and

**Count 3:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, were involved in Plaintiff's transfer to ADX-Florence in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act and the Alien Tort Claims Act.

The defendants have now filed a motion for a more definite statement pursuant to Rule 12(e) (Doc. 56) and a motion for extension of time to file an answer (Doc. 57).

The defendants' motion for a more definite statement states that there are two defects in Ajaj's amended complaint that impede their ability to file a proper responsive pleading. The defendants assert that Ajaj does not include specific dates for the defendants' wrongful acts and Ajaj fails to identify the "specific conduct that individual Defendants, the United States, and the Bureau of Prisons did that caused Plaintiff harm." Because of these deficiencies, the defendants state that they cannot answer Ajaj's complaint or provide affirmative defenses. Ajaj did not file a response to the motion.

Rule 12(e) of the Federal Rules of Civil Procedure states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions filed pursuant to Rule 12(e) are generally disfavored. *See* Wright & Miller § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.). However, the Court agrees that many of Ajaj's claims are vague or ambiguous as to many of the defendants. Additionally, a more definite statement may reveal possible threshold defenses (e.g., qualified immunity, failure to exhaust administrative remedies), thereby promoting the speedy adjudication of this matter. *See id.* at § 1376; Fed. R. Civ. P. 1.

The defendants' motions are therefore GRANTED and Plaintiff Ahmad Ajaj is ordered to file a more definite statement. Ajaj's more definite statement will essentially function as an amended complaint. Ajaj shall use the three numbered counts as a framework to draft the statement. For each numbered count, Ajaj shall include separate paragraphs for each individual defendant named in that count. These paragraphs shall include a short and plain statement of the

claims against that defendant. The statement shall also include approximate dates for when each defendant's unlawful conduct occurred. No new claims or defendants shall be added; if Ajaj would like to add new claims or defendants he may seek leave to do so at a later time.

Ajaj is ordered to file a more definite statement no later than April 15, 2016. Additionally, the defendants' motion for extension of time is granted. The defendants shall file their answer or responsive pleading to plaintiff's statement no later than May 20, 2016.

IT IS SO ORDERED.

Dated: March 21, 2016

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**