IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHMAD M. AJAJ, 40637-053,
    *Plaintiff,*

    v.

UNITED STATES OF AMERICA, et al.,
    *Defendants*.

Case Number: 3:14-cv-01245-SMY-PMF

**ORDER**

**FRAZIER, Magistrate Judge:**

  Before the Court is the defendants' motion to strike. (Doc. 81). Plaintiff Ahmad Ajaj, an inmate in federal prison at ADX Florence, asserts in this case that the defendants subjected him to excessive force and unlawful conditions of confinement while he was housed at USP Marion. He also asserts that he was unlawfully transferred from USP Marion to ADX Florence. According to Ajaj, he has been subjected to the unlawful treatment because of his ethnicity (Arab) and religion (Islam). Ajaj proceeds on a large number of claims in this lawsuit, and so he was ordered to file a more definite statement in order to clarify the factual issues in this case. See Fed. R. Civ. P. 8(e).

  The defendants now seek to strike portions of Ajaj's more definite statement. In paragraphs 43 through 61 of Ajaj's more definite statement he references the "Cowboy" gang that operated at ADX Florence. In the late 1990s the federal government conducted an investigation into allegations that correctional officers at ADX Florence were abusing inmates. See *US v. Lavee*, 439 F.3d 670, 678 (10th Cir. 2006). The investigation uncovered that a group of correctional officers (known as the "Cowboy" gang) had been physically assaulting inmates

and then falsifying records in order to show that the officers' use of force was justified. *Id*. As a result, at least ten Bureau of Prisons employees were criminally charged. *Id*. Ajaj's more definite statement states that he was at ADX Florence when these events occurred and that one of the defendants in the instant case (Fozzard) was a member of the Cowboy Gang at that facility. Doc. 48, pp. 5-6, ¶¶ 43-50. Ajaj asserts that the Cowboy Gang targeted individuals on the basis of their religious beliefs and ethnic backgrounds, and that he was singled out for mistreatment. Doc. 48, p. 5, ¶ 43. Ajaj also states that Fozzard was later transferred to USP Marion, and that Fozzard continued the mistreatment during their time together at USP Marion in 2011 and 2012. Doc. 48, p. 8, ¶¶ 62-63.

The defendants now seek to strike the portions of Ajaj's more definite statement that refer to the ADX Florence Cowboy Gang. The defendants argue that Ajaj's description of the Cowboy Gang is inaccurate, and that the Cowboy Gang did not target inmates on the basis of race or religion. The defendants also argue that the Cowboy Gang has not resurfaced at USP Marion and Ajaj's assertions stating otherwise are scandalous. Additionally, the defendants take issue with the fact that Ajaj appears to describe all of the defendants as bigoted, a characterization the defendants vehemently dispute.

Rule 12(f) of the Federal Rules of Civil Procedure states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored and they are often viewed as "time wasters." See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.). Generally, motions to strike will be denied unless the movant can demonstrate that the offending materials "have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id*.

Ajaj's pleadings present very serious allegations regarding misconduct within the Bureau of Prisons and the defendants are entitled to dispute the veracity of those claims. However, the pleadings that the defendants seek to strike do relate to the merits of Ajaj's case. Whether Ajaj can support his claims with admissible evidence is another issue entirely, and one not properly addressed through a motion to strike. Additionally, District Courts are required to give *pro se* litigants a fair amount of leeway when filing complaints, see *Haines v. Kerner*, 92 S.Ct. 594, 596, 404 U.S. 519, 520 (1972) (*pro se* pleadings held to "less stringent standards than formal pleadings drafted by lawyers"), and *pro se* prisoner litigants with an abundance of free time sometimes push the boundaries of proper pleadings by digressing into tangentially related topics. Prisoner civil rights lawsuits also frequently touch on sensitive issues that would rightly be viewed as "scandalous" if presented in other contexts. With this in mind, the Court is not convinced that the defendants will be prejudiced by the material in question.

The defendants' motion to strike is DENIED.

IT IS SO ORDERED.

Dated: July 15, 2016

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE