IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHMAD M. AJAJ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  3:14 CV 1245 JPG/RJD |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATIONS

**DALY, Magistrate Judge:**

This matter comes before the Court on the Defendant United States of America's Motion to Revoke In Forma Pauperis Status.  (Doc. 111.)  Plaintiff is an inmate with the Federal Bureau of Prisons and was formerly incarcerated at the United States Penitentiary in Marion, Illinois.  On November 3, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional and statutory violations.  (Doc. 1.)  On the same day, Plaintiff moved for leave to proceed in forma pauperis, providing his monthly income and his then-current balance.  (Doc. 2.)  On November 21, 2014, the Court granted Plaintiff leave to proceed in forma pauperis, assessing $240.78 as an initial partial filing fee, which was paid on December 31, 2014.  (Docs. 4, 11.)

Defendant moves to revoke Plaintiff's in forma pauperis status.  (Doc. 111.)  Defendant argues that Plaintiff has three strikes under the Prison Litigation Reform Act, that Plaintiff failed to provide his litigation history and to provide notice of his three strikes, and that his allegation of poverty is untrue.   The Prisoner Litigation Reform Act gives authority to federal courts to allow plaintiffs to initiate actions without the prepayment of filing fees. 28 U.S.C. § 1915.  That

authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." *See e.g., Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). A dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is a strike for purposes of § 1915(g). *Id.* A prisoner who has accumulated three strikes cannot proceed without a full prepayment of the filing fee unless he can establish that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Defendant argues that Plaintiff has three strikes under the Prison Litigation Reform Act. Defendant relies on *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) and *Boribourne v. Berge*, 391 F.3d 852 (7th Cir. 2004), for the proposition that "a strike may be counted if **any portion** of a prior action is dismissed as frivolous, malicious, or for failing to state a claim." However, the Seventh Circuit expressly rejected this standard and has instead held that "the obvious reading of the statute is that a strike is incurred for an action dismissed in its entirety on one or more of the three enumerated grounds." *Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010); *see also Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011). The Court has reviewed the case history provided by Defendant (Doc. 111-1) and is unable to find that Plaintiff has accrued three strikes as defined by *Turley*.

Defendant argues that Plaintiff failed to provide his litigation history or notify the Court that he has three strikes and that the case should be dismissed based on Plaintiff's fraudulent behavior. Plaintiff responds that he included his litigation history in his initial complaint. (Doc. 1 at 6-12.) Upon review, Defendant identified nine cases filed by Plaintiff prior to this action, and Plaintiff identified eight such cases, including one case omitted by Defendant. Additionally, the Court has discovered no indication that any court has determined the number of Plaintiff's strikes, and no evidence suggests that Plaintiff knew of but intentionally withheld that he had

three strikes. Accordingly, the Court cannot conclude that this action should be dismissed on the basis of fraud. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (affirming finding of fraud when prisoner failed to list three actions that were pending at the time the complaint was filed); *Sloan v. Lesza*, 181 F.3d 857, 858 (7th Cir. 1999) (finding of fraud where prisoner failed to inform the Court that three judges found that prisoner had three strikes).

Defendant further argues that Plaintiff's allegation of poverty is untrue because Plaintiff has ample funds to pay the full filing fee. Defendant notes that another federal court recently denied Plaintiff in forma pauperis status and that Plaintiff paid the filing fee in full. *See Ajaj v. USA*, 1:15-cv-02849-KLM (D. Co. January 5, 2016). Whether to allow a plaintiff to proceed in forma pauperis is within the discretion of the Court. *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The financial component of the in forma pauperis determination is whether a plaintiff could pay and "still be able to provide himself and dependents with the necessities of life." *Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *Robinson v. Clevert*, 2010 WL 2384267, at *1 (E.D. Wis. 2010).

On November 3, 2014, Plaintiff moved for leave to proceed in forma pauperis, providing his monthly income and his then-current account balance. (Doc. 2.) Defendant does not argue or provide evidence that Plaintiff misrepresented his assets or income to the Court but argues that the allegation that he is "unable to pay the cost of the proceedings" is untrue. However, "[a] litigant need not be totally destitute to qualify for indigent status under 28 U.S.C. § 1915(a)." *Lumbert*, 827 F.2d at 260. According to the motion, Plaintiff indeed possessed sufficient funds to cover the filing fee, but the Court simply exercised its discretion to allow Plaintiff to proceed

3

in forma pauperis.  The discretionary nature of this determination also explains the discrepancy between the decisions between the Court and the District of Colorado.

## RECOMMENDATIONS

Based on the foregoing, it is hereby RECOMMENDED that Defendant's Motion to Revoke In Forma Pauperis Status (Doc. 111) be DENIED.  It is further RECOMMENDED that Defendant be allowed to refile but be required to provide an analysis of each alleged strike consistent with this opinion within thirty days of the adoption of this recommendation.  It is further RECOMMENDED that Plaintiff's Motion for an Extension of Time to Reply to Defendant's Motion to Revoke In Forma Pauperis Status (Doc. 112) be DENIED as MOOT.

**SO RECOMMENDED.**

**DATED:   February 22, 2017.**                                       *s/        Reona J. Daly*
                                                                                                  **UNITED STATES MAGISTRATE JUDGE**