# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHMAD M. AJAJ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14 CV 1245 JPG/RJD |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Before the Court is the Motion to Stay filed by Plaintiff Ahmad M. Ajaj. (Doc. 129.) Plaintiff is an inmate with the Federal Bureau of Prisons and was formerly incarcerated at the United States Penitentiary in Marion, Illinois. On November 3, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional and statutory violations. (Doc. 1.) On October 16, 2015, the Court screened the complaint and allowed the following claims to proceed.

> **Count 1:** Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Neumann, Szoke, Rivas, Cardona, Patterson, and Howard, and by implication the United States and Bureau of Prisons, subjected Plaintiff Ajaj to excessive force and harassment in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA and the Alien Tort Claims Act;
>
> **Count 2:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig, Howard, and McCleary, and by implication the United States and the Bureau of Prisons, subjected Plaintiff to conditions of confinement, including the denial of proper medical care, in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA, and the Alien Tort Claims Act; and
>
> **Count 3:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, were involved in Plaintiff's transfer to ADX-Florence in

violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, and, the Alien Tort Claims Act.

(Doc. 22.)

Plaintiff moves to stay the ruling on Defendant United States of America's Notice of Substitution pending clarification as to the specific incidents to which the Attorney General's certification applies.[1] (Doc. 129.) On March 17, 2017, Defendant United States of America filed a Notice of Substitution and certified that the individual defendants acted within the scope of their employment with respect to the incidents referenced in the second amended complaint. (Doc. 122.) Plaintiff seeks clarification as to the scope of the substitution and ultimately seeks the opportunity to contest the certification.

"When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419–20 (1995) (quoting 28 U.S.C. § 2679(d)(1)). "Upon certification, the employee is dismissed from the action and the United States is substituted as defendant. The case then falls under the governance of the Federal Tort Claims Act." *Id.* Because such substitutions may negatively affect a plaintiff's claims, the Attorney General's certification is subject to judicial review. *Id.*; *Taboas v. Mlynczak*, 149 F.3d 576, 580 (7th Cir. 1998). "A motion for substitution may be decided on the face of the complaint (akin to a motion to dismiss) when the movant contends that, even accepting the allegations of the complaint as true, the defendant acted within the scope of employment." *Taboas*, 149 F.3d at 580; *Casey v.*

---

[1] Plaintiff's motion assumes that Defendant United States of America moved the Court for a party substitution, but Defendant, in fact, filed a Notice of Substitution. Although the Court is aware of this disconnect, it does not inhibit the Court's ability to resolve the instant motion.

*Guthrie*, 2010 WL 455497, at *1 (S.D. Ill. 2010) ("Of course, if a defendant's Westfall certification is drawn from facts pleaded in the complaint, discovery on the issue will not be necessary.").

By filing a Notice of Substitution, the United States of America sought to bring certain claims under the purview of the Federal Tort Claims Act. The FTCA applies to claims:

> [1] against the United States, [2] for money damages, [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). "[T]he 'law of the place' means law of the State—the source of substantive liability under the FTCA." *Id.* at 478. Upon review of the complaint, only Plaintiff's FTCA claims invoke state law – Plaintiff's other claims invoke constitutional law, federal statutory acts, and international law. (Doc. 78.) Accordingly, although the express terms of the Notice of Substitution exclude only "claims alleging a violation of the Constitution of the United States," the Court construes the Notice of Substitution as applying solely to Plaintiff's FTCA claims.

Considering the scope of the Notice of Substitution, Plaintiff cannot credibly challenge the certification. Plaintiff's claims focus on three distinct injuries during his time at Marion USP: (1) excessive force and harassment; (2) inadequate medical treatment; and (3) transfer to ADX Florence. (Doc. 78.) With regard to each of these alleged injuries, Plaintiff asserts a claim under the FTCA against Defendant United States of America for the conduct of its employees – specifically, the individual defendants in this action. (*Id.* at 24, 45, 55.) Plaintiff's FTCA claims are tantamount to an admission that, to the extent the individual defendants were involved with any of the three injuries, they acted within the scope of their employment. *See Kaba v. Stepp*,

458 F.3d 678, 681 (7th Cir. 2006) (stating that the United States of America is "the proper defendant for tort claims involving acts of the named officials within the scope of their employment"). In essence, the Notice of Substitution merely indicates Defendant United States of America's agreement with the party designations for the FTCA claims as set forth by Plaintiff in the second amended complaint.

Based on the foregoing, is it hereby ORDERED that Plaintiff's Motion to Stay (Doc. 129) is DENIED.

**SO ORDERED.**

**DATED: April 26, 2017**              *s/      Reona J. Daly*
                                       **UNITED STATES MAGISTRATE JUDGE**