**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

AHMAD M. AJAJ,                             )
                                          )
       Plaintiff,                         )
                                          )
vs.                                       )          Case No. 14-cv-01245-JPG-RJD
                                          )
UNITED STATES OF AMERICA, *et al*.,       )
                                          )
       Defendants.                        )

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc.

115) of Magistrate Judge Reona J. Daly with regard to the following:

> Plaintiff's Motion for Appointment of Counsel (Doc. 82);
>
> Defendants' Motion to Dismiss for failure to State a Claim or in the alternative, Motion for Summary Judgment (Doc. 84);
>
> Plaintiff's Motion to Stay the Filing of Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 90);
>
> Plaintiff's Motion for Order Directing defendants' Attorney to Serve Plaintiff a Clear and Legible Copy of All Attachments to Defendants' Motion to Dismiss (Doc. 98);
>
> Plaintiff's Motion for an Order Directing the US Marshals to Serve Defendants with Amended Complaint (Doc. 100);
>
> Plaintiff's Motion to Strike All the Attachments to Defendants' Motion to Dismiss or in the alternative, Motion to Convert the Motion to Dismiss to a Motion for Summary Judgment and allow the plaintiff to Conduct Discovery prior to responding (Doc. 101);
>
> Plaintiff's Motion to Strike All the Arguments Raised on Behalf of the Defendants (Doc. 102);
>
> Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 104);
>
> Plaintiff's Motion to Notify the Court that Defendants' Response is Illegible (Doc. 106);

Defendant Patterson's Motion to Dismiss (Doc. 108); and

Defendant Allen's Motion for Joinder (Doc. 109).

Also before the Court is Plaintiff's Motion (Doc. 135) to take Judicial Notice.

1. **Background**.

Plaintiff is an inmate currently incarcerated at ADX- Florence U.S. Penitentiary in Florence, Colorado. This action arose while the plaintiff was incarcerated at the U.S. Penitentiary in Marion, Illinois and generally alleges that the plaintiff was subject to a pattern and practice of excessive force and harassment; that plaintiff was subject to conditions of confinement that exacerbated his medical conditions; and that he was transferred to a facility without consideration of medical needs due to defendants' prejudice against plaintiff's race, religion, ethnicity, national origin and political beliefs. (Doc. 22).

2. **Procedural History**.

Upon threshold screening of plaintiff's first amended complaint (Doc. 18), the plaintiff was allowed to proceed on the following claims:

Count 1: Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Neumann, Szoke, Rivas, Cardona, Patterson, and Howard, and by implication the United States and Bureau of Prisons, subjected Plaintiff Ajaj to excessive force and harassment in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA and the Alien Tort Claims Act;

Count 2: Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, and by implication the United States and the Bureau of Prisons, subjected Plaintiff to conditions of confinement, including the denial of proper medical care, in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA, and the Alien Tort Claims Act; and

Count 3: Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander,

Winklmeier, Kendig Howard and McCleary, were involved in Plaintiff's transfer to ADX-Florence in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment and Federal Tort Claims Act.

Defendants moved for a more definite statement and the Court granted the motion. (Doc. 59). Plaintiff filed a more definite statement – which was titled and docketed as a Second Amended Complaint (Doc. 78). However, plaintiff was denied leave to file an amended complaint (Doc. 44). "Dismissal followed by the filing of a new complaint may actually be a better response than ordering the plaintiff to file a more definite statement of his claim, Fed.R.Civ.P. 12(e), which results in two documents, the complaint and the more definite statement, rather than one compliant document." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

Such is the problem in this case. The defendants' motions and the R&R address the second amended complaint; however, there is no second amended complaint in this matter, but two pleading documents – the amended complaint (Doc. 18) and the more definite statement (Doc. 78). Therefore, the Clerk of Court is directed to modify docket entry 78 to reflect "More definite statement" and remove any reference to an amended pleading. The two pleading documents also cause other difficulties which the Court will discuss below.

The Court also notes that on March 17, 2017, defendant USA filed a Notice of Substitution (Doc. 122). The Notice indicates that the USA should be substituted for defendants "Garret Fozzard, Wendy Roal, Lisa Hollingsworth, Jeffrey Baney, John Parent, Blake Davis, Milt Neumann, Henry Rivas, Steven Cordona, Lawrence Howard, Dr. David Szoke, Marla Patterson, Eleanor Alexander, and Michael Winklmeier." The Notice further notes that the USA should be substituted for all claims "(other than for claims alleging a violation of the Constitution of the United States.)" The above listed defendants were terminated on March 21, 2017; however,

some of these defendants had claims against them alleging a violation of the Constitution of the United States and should not have been terminated.

Therefore, the Clerk of Court is **DIRECTED** to reinstate defendants Garret Fozzard, Wendy Roal, Lisa Hollingsworth, Jeffrey Baney, John Parent, Blake Davis, Milt Neumann, Henry Rivas, Steven Cordona, Lawrence Howard, Dr. David Szoke, Marla Patterson, Eleanor Alexander, and Michael Winklmeier. Defendants Melissa Winn, Robert Roloff, Keith Harrison, Bashar Murad, Steve Julian, "FNU" Bradford, and Luke Ormandy remain terminated as they are not listed within plaintiff's amended complaint (Doc. 18).

3. **Standard.**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court has received objections. As such, it will review those portions to which objections have been filed *de novo*.

4. **Analysis.**

The defendants' motions and the R & R address plaintiff's second amended complaint and as the R & R notes, "the second amended complaint is not a model of clarity." However, the main problem, as stated above, it that there is no second amended complaint. The more definite statement confuses – rather than clarifies – the initial three counts. Although the R & R recommends that the plaintiff should not be allowed to amend his complaint, the Court believes

that a clear, precise pleading is exactly what is needed. This matter has been proceeding for over two years and has not progressed beyond the initial pleading stage. It is difficult to discern the claims asserted when taking the 34 pages of the amended complaint in consideration with the threshold order and 56 pages of the more definite statement – along with the 20 pages of exhibits attached to the more definite statement.

Therefore, the Court is granting plaintiff's Motion (Doc. 104) to Amend with limitations. The Court is adopting the R & R recommendation on the manner in which the plaintiff's claims need to be clarified. The plaintiff's amended complaint is limited to the following counts:

**Count 1:** Defendant Fozzard subjected Plaintiff to excessive force and harassment in violation of the Eighth Amendment.

**Count 2:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson either acted with deliberate indifference or intentionally facilitated the conduct of Defendant Fozzard and other staff in violation of the Eighth Amendment.

**Count 3:** Defendant Fozzard subjected Plaintiff to excessive force and harassment due to Plaintiff's race, ethnicity, religion, and politics in violation of the Equal Protection Clause.

**Count 4:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson either acted with deliberate indifference or intentionally facilitated the conduct of Defendant Fozzard and other staff due to Plaintiff's race, ethnicity, religion, and politics in violation of the Equal Protection Clause.

**Count 5:** Defendant USA is liable under the FTCA and Illinois law for the negligent conduct of Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson and other staff that resulted in excessive force and harassment.

**Count 6:** Defendants USA, Bureau of Prisons, Fozzard, Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson are liable under the Alien Tort Claims Act for violating international law by discriminating on the basis of race.

**Count 7:** Defendant Szoke violated the Eighth Amendment by failing to provide adequate treatment for Plaintiff's spinal condition, mental disorders, gastrointestinal disorders, and breathing difficulties.

**Count 8:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Rivas, Cardona, Allen, Patterson, Winklemeire, Kendig, Howard, McLeary, and Fozzard violated the Eighth Amendment by failing to address Plaintiff's medical needs with respect to mental disorders, gastrointestinal disorders, and breathing difficulties.

**Count 9:** Defendants Sjoke, Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Rivas, Cardona, Allen, Patterson, Winklemeier, Kendig, Howard, McLeary, and Fozzard violated the Equal Protection Clause by neglecting Plaintiff's medical needs on the basis of race, ethnicity, and religion.

**Count 10:** Defendants Roal, Baney, Parent, Cardona, Neumann, Rivas, Howard, Patterson, Alexander, and Davis violated the Eighth Amendment by referring Plaintiff for a transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

**Count 11:** Defendants Szoke and Winklemeier violated the Eighth Amendment by failing to take any action to prevent the transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

**Count 12:** Defendants Roal, Baney, Parent, Cardona, Neumann, Rivas, Howard, Patterson, Alexander, Davis, Szoke, and Winklemeier violated the Equal Protection Clause by facilitating or failing to act to prevent the transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

**Count 13:** Defendants USA, Bureau of Prisons, Roal, Baney, Parent, Cardona, Neumann, Rivas, Howard, Patterson, Alexander, Davis, Szoke, and Winklemeier are liable under the Alien Tort Claims Act for violating international law by subjecting Plaintiff to torture by facilitating or failing to act to prevent the transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

To be clear – the plaintiff is directed to only include the above counts in his second amended complaint. He is directed to add necessary facts – such as dates, medical condition, etc., but plaintiff is **NOT** permitted to exceed one page per count. He is **NOT** permitted to add additional defendants to the counts and he is **NOT** permitted to add additional counts. He is directed to label the pleading, "Second Amended Complaint" and to file the amended complaint within 30 days of this order. Plaintiff and defendants are directed to refer to the counts as indicated above in future filings.

Plaintiff is **WARNED** that failure to file a Second Amended Complaint within the allotted time may result in the dismissal of this matter. The plaintiff is further **WARNED** that failure to following the instruction given in this Order may also result in the striking portions of the amended pleading and/or dismissal of claims.

Based on the granting of plaintiff leave to amend, defendants' Motion (Doc. 84) to Dismiss; defendant Allen's Motion (Doc. 109) for Joinder; Defendant Patterson's Motion (Doc. 108) to Dismiss; Plaintiff's Motions (Docs. 101 and 102) to Strike; and Plaintiff's Motion (Doc. 135) to Take Judicial Notice are moot. Plaintiff's Motion (Doc. 100) for Order Directing the US Marshall to Serve is moot as there is no current amended pleading on file.

Plaintiff's Motion (Doc. 90) to Stay the Filing of his Response to Defendants' Motion to Dismiss is moot because the plaintiff filed a response (Doc. 105) on August 23, 2016. Plaintiff's Motion (Doc. 98) for Order Directing defendant's Attorney to Serve Plaintiff a Clear and Legible Copy of All Attachments to Defendants' Motion to Dismiss and Plaintiff's Motion (Doc. 106) to Notify the Court that Defendants Response is Illegible are moot since the defendants indicate that they have, "produced an entirely new copy of all of the attachments" to the plaintiff. (Doc. 107).

The Court adopts the R & R recommendation with regard to plaintiff's Motion (Doc. 82) for Appointment of Counsel. The Court has considered plaintiff's objection, but agrees with the R & R that plaintiff may refile for appointment of counsel following the resolution of the exhaustion and statute of limitation issues.

The parties are directed to review Local Rule 7.1 with regard to motion practice in this Court and the Court is reminding all parties that it will enforce page limitations on all future motions.

5. **Conclusion.**

The Court has reviewed the R & R, the objections, and the responses thereto. The Court has further conducted a *de novo* review of issues objected to and not found moot. Based on its review, the Court **ADOPTS** the R & R in part and **REJECTS** the R & R in part.

In summary, based on the above:

> Plaintiff's Motion for Appointment of Counsel (Doc. 82) is **DENIED**;
>
> Defendants' Motion to Dismiss for failure to State a Claim or in the alternative, Motion for Summary Judgment (Doc. 84) is **MOOT**;
>
> Plaintiff's Motion to Stay the Filing of Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 90) is **MOOT**;
>
> Plaintiff's Motion for Order Directing defendants' Attorney to Serve Plaintiff a Clear and Legible Copy of All Attachments to Defendants' Motion to Dismiss (Doc. 98) is **MOOT**;
>
> Plaintiff's Motion for an Order Directing the US Marshals to Serve Defendants with Amended Complaint (Doc. 100) is **MOOT;**
>
> Plaintiff's Motion to Strike All the Attachments to Defendants' Motion to Dismiss or in the alternative, Motion to Convert the Motion to Dismiss to a Motion for Summary Judgment and allow the plaintiff to Conduct Discovery prior to responding (Doc. 101) is **MOOT**;
>
> Plaintiff's Motion to Strike All the Arguments Raised on Behalf of the Defendants (Doc. 102) is **MOOT**;
>
> Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 104) is **GRANTED**;
>
> Plaintiff's Motion to Notify the Court that Defendants' Response is Illegible (Doc. 106) is **MOOT**;
>
> Defendant Patterson's Motion to Dismiss (Doc. 108); and
>
> Defendant Allen's Motion for Joinder (Doc. 109) is **MOOT;** and
>
> Plaintiff's Motion (Doc. 135) to Take Judicial Notice is **MOOT**.

As a reminder, Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 104) is **GRANTED** limited to the restrictions as follows: plaintiff is directed to only include the counts listed above. He is directed to add necessary facts – such as dates, medical condition, etc., but plaintiff is **NOT** permitted to exceed one page per count. He is **NOT** permitted to add additional defendants to the counts and he is **NOT** permitted to add additional counts. He is directed to label the pleading, "Second Amended Complaint" and to file the amended complaint within **30 days** of this order.

The Clerk of Court is **DIRECTED** to modify docket entry 78 to reflect "More definite statement" and remove any reference to an amended pleading. The Clerk of Court is further **DIRECTED** to reinstate defendants Garret Fozzard, Wendy Roal, Lisa Hollingsworth, Jeffrey Baney, John Parent, Blake Davis, Milt Neumann, Henry Rivas, Steven Cordona, Lawrence Howard, Dr. David Szoke, Marla Patterson, Eleanor Alexander, and Michael Winklmeier.

Magistrate Judge Daly is **DIRECTED** to conduct a review of plaintiff's Second Amended Complaint, once filed, and ensure compliance with this Order. If plaintiff's Second Amended Complaint survives review, the Magistrate Judge shall direct service in accordance with Federal Rules of Civil Procedure 4, to include service by Untied States Marshal as appropriate, and order defendants to timely file an appropriate responsive pleading to the complaint and not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 7/11/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
