UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHMAD M. AJAJ,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et. al.,*

    Defendants.

Case No. 14-cv-01245-JPG-RJD

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Ahmad M. Ajaj's motion for reconsideration (Doc. 141) of the Court's order (Doc. 137) adopting in part and rejecting in part Magistrate Judge Reona J. Daly's Report and Recommendation ("Report") (Doc. 115). For the following reasons, the Court denies Ajaj's motion.

This litigation began in 2014 while Ajaj was incarcerated at United States Penitentiary, Marion (USP Marion). He has made numerous allegations against the defendants, including violations of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Federal Tort Claims Act, the Administrative Procedure Act, and—via alleged violations of international law—the Alien Tort Claims Act. In 2015, the Court screened Ajaj's first-amended complaint and allowed the following claims to proceed:

> **Count 1:** Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Neumann, Szoke, Rivas, Cardona, Patterson, and Howard, and by implication the United States and Bureau of Prisons, subjected Plaintiff Ajaj to excessive force and harassment in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA and the Alien Tort Claims Act;

**Count 2:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig, Howard, and McCleary, and by implication the United States and the Bureau of Prisons, subjected Plaintiff to conditions of confinement, including the denial of proper medical care, in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, the APA, and the Alien Tort Claims Act; and

**Count 3:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Fozzard, Szoke, Rivas, Cardona, Allen, Patterson, Alexander, Winklmeier, Kendig Howard and McCleary, were involved in Plaintiff's transfer to ADX-Florence in violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Federal Tort Claims Act, and, the Alien Tort Claims Act.

On June 11, 2017, Magistrate Judge Daly recommended disentangling the claims into 13 counts:

**Count 1:** Defendant Fozzard subjected Plaintiff to excessive force and harassment in violation of the Eighth Amendment.

**Count 2:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson either acted with deliberate indifference or intentionally facilitated the conduct of Defendant Fozzard and other staff in violation of the Eighth Amendment.

**Count 3:** Defendant Fozzard subjected Plaintiff to excessive force and harassment due to Plaintiff's race, ethnicity, religion, and politics in violation of the Equal Protection Clause.

**Count 4:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson either acted with deliberate indifference or intentionally facilitated the conduct of Defendant Fozzard and other staff due to Plaintiff's race, ethnicity, religion, and politics in violation of the Equal Protection Clause.

**Count 5:** Defendant USA is liable under the FTCA and Illinois law for the negligent conduct of Defendants Fozzard, Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson and other staff that resulted in excessive force and harassment.

**Count 6:** Defendants USA, Bureau of Prisons, Fozzard, Roal, Hollingworth, Baney, Parent, Davis, Neumann, Rivas, Cardona, Howard, Szoke, and Patterson are liable under the Alien Tort Claims Act for violating international law by discriminating on the basis of race.

**Count 7:** Defendant Szoke violated the Eighth Amendment by failing to provide adequate treatment for Plaintiff's spinal condition, mental disorders, gastrointestinal disorders, and breathing difficulties.

**Count 8:** Defendants Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Rivas, Cardona, Allen, Patterson, Winklemeire, Kendig, Howard, McLeary, and Fozzard violated the Eighth Amendment by failing to address Plaintiff's medical needs with respect to mental disorders, gastrointestinal disorders, and breathing difficulties.

**Count 9:** Defendants Sjoke, Roal, Hollingworth, Baney, Parent, Davis, Scofield, Harvey, Irvin, Neumann, Rivas, Cardona, Allen, Patterson, Winklemeier, Kendig, Howard, McLeary, and Fozzard violated the Equal Protection Clause by neglecting Plaintiff's medical needs on the basis of race, ethnicity, and religion.

**Count 10:** Defendants Roal, Baney, Parent, Cardona, Neumann, Rivas, Howard, Patterson, Alexander, and Davis violated the Eighth Amendment by referring Plaintiff for a transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

**Count 11:** Defendants Szoke and Winklemeier violated the Eighth Amendment by failing to take any action to prevent the transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

**Count 12:** Defendants Roal, Baney, Parent, Cardona, Neumann, Rivas, Howard, Patterson, Alexander, Davis, Szoke, and Winklemeier violated the Equal Protection Clause by facilitating or failing to act to prevent the transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

**Count 13:** Defendants USA, Bureau of Prisons, Roal, Baney, Parent, Cardona, Neumann, Rivas, Howard, Patterson, Alexander, Davis, Szoke, and Winklemeier are liable under the Alien Tort Claims Act for violating international law by subjecting Plaintiff to torture by facilitating or failing to act to prevent the transfer to the Administrative Maximum Facility in Florence, Colorado, despite his serious medical needs.

(Doc. 115.) Ajaj objected to the Report on numerous grounds. (Doc. 128.) This Court conducted a *de novo* review of the objected-to issues not moot and directed Ajaj to file a second-amended complaint that adopted the 13-count enumeration. (Doc. 137.)

Ajaj has since filed a motion urging the Court to reconsider that memorandum and order. (Doc. 141.) First, Ajaj argues that the Court improperly dismissed his Federal Tort Claims Act claim in count two of the first-amended complaint in light of *Gil v. Reed*, 381 F.3d 649, 658–661 (7th Cir. 2004). Second, he argues that the Court failed to address his objections to the Report's recommended dismissal of count two's claims under the Alien Tort Claims Act and the Administrative Procedure Act. Third, Ajaj claims that the Court failed to address his objection to the Report's proposed dismissal of count three's claim under the Federal Tort Claims Act. Finally, Ajaj asserts that the order failed to address his objection to the Report's recommended dismissal of count three's claim under the Rehabilitation Act.

Ajaj does not indicate, however, under which procedural rule he brings his motion. The Court will thus construe the motion as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is 'mistake, inadvertence, surprise, or excusable neglect", "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial", or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED.R.CIV.P. 60(b). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Ajaj has not demonstrated any of the exceptional circumstances required to succeed on a Rule 60(b) motion. Rather, Ajaj reasserts the same arguments he made in his objection to the

Report—arguments that this Court previously reviewed *de novo* and found to be without merit. (Doc. 137) ("[t]he Court has further conducted a de novo review of issues objected to and not found moot").

Accordingly, the Court **DENIES** Ajaj's motion to reconsider. (Doc. 141.)

**IT IS SO ORDERED.**
**DATED:  OCTOBER 10, 2017**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
