IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| AHMAD AJAJ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 14-cv-1245-JPG-RJD |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Ahmad Ajaj, an inmate in the custody of the United States Bureau of Prisons ("BOP"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at United States Penitentiary in Marion ("USP-Marion"). Upon filing the Third Amended Complaint (Doc. 185), he proceeds on the following counts:

Count 1: Eighth Amendment – Cruel and Unusual Punishment (Fozzard)
Count 2: Eighth Amendment – Failure to Protect (Roal, Baney, and Parent)
Count 3: First Amendment – Free Exercise (Roal, Hollingsworth, Baney, Parent, Roloff, Neumann, Fozzard, Rivas, Cardona, Irvin, and Howard)
Count 4: First Amendment – Retaliation (Fozzard, Roal, Parent, Baney, Cardona, Neuman, Szoke, Rivas, Alexander, Patterson, Winklmeier, and Howard)
Count 5: Eighth Amendment – Deliberate Indifference (Szoke, Roal, Irvin, and Winklmeier)
Count 6: Fifth Amendment – Equal Protection (Szoke, Fozzard, Rivas, Cardona, Neumann, Hollingsworth, Winklmeier, and Roal)
Count 7: Fifth Amendment – Due Process (Roal, Baney, Parent Neumann, Szoke, Winklmeier, Rivas, Cardona, Patterson, Alexander, and Howard)
Count 8: Religious Freedom Restoration Act, 42 U.S.C. § 2000bb (Fozzard, Roal, Hollingsworth, Parent, Baney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, Roloff, and Howard)
Count 9: Federal Tort Claims Act – Hate Crimes (Fozzard)
Count 10: Federal Tort Claims Act – Intentional Infliction of Emotional Distress (Hollingsworth, Cardona, Irvin, Neumann, Rivas, Marla Patterson,

| | Alexander, Szoke, Winklmeier, Roloff, and Howard) |
|---|---|
| Count 11: | Federal Tort Claims Act – Battery (Fozzard) |
| Count 12: | Federal Tort Claims Act – Willful & Wanton Conduct (Roal, Hollingsworth, Winklmeier, Parent Baney, Neumann, Rivas, Szoke, Roloff, and Cardona) |

Defendants filed five motions to dismiss (Docs. 201-205). In response to the Motion to Dismiss Counts 1-7 and 9-12, or in the Alternative, for Summary Judgment (Doc. 204), Plaintiff filed a Motion for Leave to Amend His Complaint to Voluntarily Dismiss Counts 9-12. Defendants filed a Response objecting to Plaintiff being granted leave to amend.

Plaintiff's claims in Counts 9-12 are based on the Federal Tort Claims Act ("FTCA"). Defendants argued in their motion that the FTCA claims were not timely filed. Defendants further argued that a judgment against Plaintiff on his FTCA claims bars his *Bivens* claims (Counts 1-7). Plaintiff seeks leave to amend the complaint to narrow the issues and to avert the risk that he could lose his *Bivens* claims on the technical ground that he also pled FTCA claims.

Defendants argue Plaintiff should not be allowed to amend his complaint at this stage because he chose to pursue his claims under the FTCA and *Bivens* knowing the advantages and drawbacks of pursuing both causes of action. The individual Defendants argue they would be unduly prejudiced by Plaintiff's voluntary dismissal of the FTCA claims, because without a ruling on the merits they would be unable to assert the FTCA's judgment bar as a defense to the *Bivens* claims. Defendants further argue since this case was filed in 2014, Plaintiff has had abundant opportunities to amend his pleadings, requiring Defendants to file three separate rounds of dispositive motions. Defendants assert Plaintiff's re-evaluation of the merits of his FTCA claims is belated, and undue delay justifies denial of the motion for leave to amend. Additionally, Defendants argue Plaintiff has a history of alleging "far-flung conspiracies" and that without a ruling on the merits, there is no guarantee that Plaintiff would not try to resurrect the FTCA claims

as a continuing wrong.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court acknowledges the pleading stage of this case has been abnormally long and convoluted. While the Court understands Defendants frustration with filing multiple rounds of dispositive motions, the case should be decided on the merits and not on the basis of technicalities. Plaintiff will be granted leave to file a Fourth Amended Complaint dismissing Counts 9-12. Plaintiff should file the Fourth Amended Complaint *instanter*.

Plaintiff is **GRANTED** an extension of time, up to and including April 30, 2019, to respond to Defendants' Motion for Summary Judgment regarding Counts 1-7.

**IT IS SO ORDERED.**

**DATED:   April 16, 2019**

                                         *s/  Reona J. Daly*
                                         **Hon. Reona J. Daly
                                         United States Magistrate Judge**