# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHMAD M. AJAJ,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et. al.,*

    Defendants.

Case No. 14-cv-01245-JPG-RJD

## **MEMORANDUM AND ORDER**

**J. PHIL GILBERT, DISTRICT JUDGE**

When the Government violates your First Amendment rights to freely practice your religion, the courts can enter an injunction and stop what the Government is doing. But in the same scenario, when are you entitled to money damages from the individual official who harmed you? In this case, plaintiff Ahmad Ajaj sued a number of defendants in their individual capacity for money damages under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb–1(c)—which states that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." Ajaj says that these defendants burdened his Islamic religious practices in a few ways, including delivering his medications at times that violated what he can do during Ramadan and by burdening his ability to pray, among other things. But are money damages against those officials the "appropriate relief"? The Second and Third Circuits think so. *Tanvir v. Tanzin*, 894 F.3d 449, 463 (2d Cir. 2018) (petition for writ of certiorari pending); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 304 (3d Cir. 2016). Other courts have expressed doubts, *Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015).

This Court will join a slew of other district courts in holding that monetary damages are not appropriate relief under RFRA. The first hurdle is the plain text of the statute: RFRA allows for "appropriate relief against a **government**." 42 U.S.C. § 2000bb–1(c) (emphasis added). And the Act further defines a "government" as a "branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States...." 42 U.S.C. § 2000bb–2(1). Money damages against a federal official in their *individual* capacity, like Ajaj is attempting here—as opposed to their *official* capacity—come out of their personal checking accounts (absent a discretionary reimbursement from the Government). Not the federal treasury. That is very important: the text says that the relief must against the "[G]overnment," which indicates that the Government must be the one paying the bill. That is plainly contrasted with 42 U.S.C. § 1983—which does, of course, provide for damages against defendants in their individual capacities. That statute states "[e]very person" acting under color of state law who deprives another of federal rights "shall be liable to the party injured in an action at law." The text of the two statutes are not alike.

Second, the Supreme Court has already warned the lower courts that they should not recognize damages remedies against government officials without explicit authorization from Congress. "In most instances…the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 426–27 (1988)). While *Ziglar* dealt with damages in the *Bivens* context rather than RFRA, the message is still the same: Congress is in the best situation to decide "whether to provide for a damages remedy," especially given the massive costs that such a new remedy would incur on the Government. *Id*. And here, we do not have explicit authorization from Congress. Instead, we have a statute where nobody knows for sure if Congress meant to provide for individual damages—though according to the textual analysis above, this Court believes that Congress did not. To the contrary, Congress has shown the ability to provide for damages remedies in similar statutes—like § 1983.

Third, the Religious Land Use and Institutionalized Persons Act (RLIUPA)—RFRA's "sister statute" that applies against the states, *Holt v. Hobbs*, 135 S. Ct. 853, 859 (2015)—contains nearly the exact same operative language as RFRA. 42 U.S.C. 2000cc-2(a); 42 U.S.C. 2000cc-5(4)(A)(ii). But the Supreme Court has already held that damages against the states were not "appropriate relief" under that statute because Congress must "give clear direction that it intends to include a damages remedy" against a State for one to be available. *Sossamon v. Texas*, 563 U.S. 277, 288–89 (2011). And every appellate court has also held that the message from *Sossamon* applies to state officials sued in their individual capacities—not just their official capacities. *See, e.g., Haight v. Thompson*, 763 F.3d 554, 567–570 (6th Cir. 2014); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (per curiam); *Sharp v. Johnson*, 669 F.3d 144, 153-155 (3d Cir.), cert. denied, 567 U.S. 937 (2012). We are in a nearly identical situation here: the appellate courts have also been unanimous that RFRA does not provide for damages against federal officials in their official capacities. *See, e.g.*, *Webman v. Federal Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006); *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840-841 (9th Cir. 2012). So why would it be any different for RFRA defendants in their individual capacities?

While Ajaj says that the Court should treat RLIUPA and RFRA differently because Congress enacted RLIUPA under the Spending Clause, that looks like a red herring. "Given that RFRA and RLUIPA attack the same wrong, in the same way, in the same words, it is implausible that 'appropriate relief against a government' means something different in RFRA, and includes money damages." *Tanvir v. Tanzin*, 915 F.3d 898, 901 (2d Cir. 2019) (Jacobs, dissenting from denial of rehearing *en banc*). For that reason, the Court will hold that Ajaj cannot sue the defendants here for money damages under RFRA, and the Court rejects the portion of Magistrate Judge Daly's Report and Recommendation that held otherwise. The Court does note however, that it may be forced to change its ruling depending on what the Supreme Court does with the petition for a writ of certiorari in *Tanvir*.

The other portions of Magistrate Judge Daly's Report are correct and survive a *de novo* review, despite Ajaj's objections. FED. R. CIV. P. 72(b)(3); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). First, Ajaj did not name Robert Roloff as a defendant in his amended complaint—despite doing so in his original complaint—so Magistrate Judge Daly construed that as, effectively, a dismissal of Roloff. *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995). The Court agrees. This case has now dragged on for five years and is barely past the pleading stage. Because of Ajaj's extremely haphazard approach in his pleadings, the Court has had to warn him again and again about what he can and cannot do when filing new complaints. (*See, e.g.*, ECF No. 137, 140.) The Court will not grant him any further leniency.

Second, Ajaj says that his First Amendment *Bivens* claims are not precluded by *Ziglar v. Abassi*, 137 S. Ct. 1843 (2017). That is incorrect. Even though district courts used to routinely adjudicate First Amendment *Bivens* actions, the Supreme Court changed the game in *Ziglar*. In that case—a prisoner *Bivens* action dealing with the Fourth and Fifth Amendments—the Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. 137 S.Ct. at 1859–60. The idea is that since *Bivens* is an implied remedy for damages under Constitutional principles rather than a legislatively-created remedy like 42 U.S.C. § 1983, courts should not expand that remedy unless there are special circumstances at hand. *Id*. at 1854–55.

The Supreme Court then explained that they have only officially recognized *Bivens* theories in three scenarios: (1) Fourth Amendment unreasonable searches and seizures; (2) Fifth Amendment gender discrimination; and (3) Eighth Amendment deliberate indifference to medical needs. *Id*. at 1855–56 (citing *Bivens*, 403 U.S. at 397; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The claims at issue here—First Amendment Free

4

Exercise and Retaliation—are none of those things. And even though federal courts used to adjudicate First Amendment *Bivens* actions all the time, the Court may no longer do so according to *Ziglar*. That is especially true considering that the Supreme Court said just a few years before *Ziglar*: "We have never held that Bivens extends to First Amendment claims"—making it quite clear that the Supreme Court has not yet "officially recognized" the theory yet. *Reichle v. Howards,* 566 U.S. at 663 n. 4 (2012). And the Court does not believe that any special factors here caution otherwise.

For those reasons, the Court:

- **ADOPTS IN PART** and **REJECTS IN PART** Magistrate Judge Daly's Report (ECF No. 225), as now modified by this order;

- **DENIES** the motion to strike paragraphs 24–34 of the operative complaint (ECF No. 200);

- **DENIES** the motion to dismiss regarding the Federal Bureau of Prisons (ECF No. 201);

- **GRANTS** the motion to dismiss Count 8 (ECF No. 202);

- **GRANTS** the motion to dismiss regarding defendant Roloff (ECF No. 203);

- **GRANTS** the motion to dismiss Counts 3, 4, 6, and 7 (ECF No. 205);

- **DISMISSES** defendant Roloff **WITH PREJUDICE**;

- **DISMISSES** Counts 3, 4, 6, 7, and 8 **WITH PREJUDICE**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the conclusion of this case.

The following claims remain:

Count 1: Eighth Amendment – Cruel and Unusual Punishment (Fozzard)
Count 2: Eighth Amendment – Failure to Protect (Roal, Baney, and Parent)
Count 5: Eighth Amendment – Deliberate Indifference (Szoke, Roal, Irvin, and Winklmeier)

**IT IS SO ORDERED.**

**DATED: AUGUST 13, 2019**

                                                **s/ *J. Phil Gilbert***
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**