IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHMAD M. AJAJ, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-01245-JPG |
| | ) |
| WENDY ROAL, *et al.*, | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court are the following: (a) Plaintiff's First Motion for Reconsideration of Memorandum and Order dated August 13, 2019 (Doc. 230) filed January 20, 2021 (Doc. 268); (b) Defendant Federal Bureau of Prison's ("BOP") Motion to Strike Fifth Amended Complaint filed August 20, 2020 (Doc. 259); and (c) Defendants' Motion to Dismiss Fifth Amended Complaint for Failure to State a Claim filed on August 20, 2020 (Doc. 260). For the reasons set forth below, all three motions shall be **GRANTED**.

As a result, the Fourth Amended Complaint (Doc. 221) shall serve as the operative complaint. Count 1 shall proceed against Defendant Fozzard. Count 8 shall proceed against Defendants Fozzard, Roal, Hollingsworth, Parent, Baney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, and Howard. All other claims and parties are considered dismissed for the reasons already set forth in this Court's prior Orders. Finally, to expedite this matter, the Court will schedule a status conference as soon as possible.

### BACKGROUND

Plaintiff filed this lawsuit to complain about violations of his federal statutory and constitutional rights by the BOP and its employees. His claims arose from events that occurred at

1

several federal institutions between May 1997 and May 2012. He asserted claims against the defendants pursuant to *Bivens* (Counts 1 through 7), the Religious Freedom Restoration Act ("RFRA") (Count 8), and the Federal Tort Claims Act ("FTCA") (Count 9 through 12), as follows:

**Count 1:** Eighth Amendment cruel and unusual punishment claim (Fozzard);

**Count 2:** Eighth Amendment failure to protect claim (Roal, Baney, and Parent);

**Count 3:** First Amendment free exercise claim (Roal, Hollingsworth, Baney, Parent, Roloff, Neumann, Fozzard, Rivas, Cardona, Irvin, and Howard);

**Count 4:** First Amendment retaliation claim (Fozzard, Roal, Parent, Baney, Cardona, Neumann, Szoke, Rivas, Alexander, Patterson, Winklmeier, and Howard);

**Count 5**: Eighth Amendment deliberate indifference claim (Szoke, Roal, Irvin, and Winklmeier);

**Count 6:** Fifth Amendment equal protection claim (Szoke, Fozzard, Rivas, Cardona, Neuman, Hollingsworth, Winklmeier, and Roal);

**Count 7:** Fifth Amendment due process claim (Roal, Baney, Parent, Neumann, Szoke, Winklmeier, Rivas, Cardona, Patterson, Alexander, and Howard);

**Count 8:** RFRA claim (Fozzard, Roal, Hollingsworth, Parent, Baney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, Roloff, and Howard);

**Count 9:** FTCA claim for hate crimes (Fozzard);

**Count 10:** FTCA claim for intentional infliction of emotional distress (Hollingsworth, Cardona, Irvin, Neumann, Rivas, Marla Patterson, Alexander, Szoke, Winklmeier, Roloff, and Howard);

**Count 11:** FTCA claim for battery (Fozzard); and

**Count 12:** FTCA claim for willful and wanton conduct (Roal, Hollingsworth, Winklmeier, Parent, Baney, Neumann, Rivas, Szoke, Roloff, and Cardona).

(*See* Docs. 1, 18, 146, 185, 221, and 258). To date, Plaintiff has submitted five versions of the complaint.

The Third Amended Complaint (Doc. 185) prompted Defendants to file several motions to dismiss claims and parties. (*See* Docs. 200-205). Before disposing of the motions, Plaintiff

requested and received permission to file a Fourth Amended Complaint voluntarily dismissing his FTCA claims (Counts 9 through 12). (*See* Docs. 217, 220-21). This narrowed the case to seven *Bivens* claims (Counts 1 through 7) and a RFRA claim (Count 8).

On August 13, 2019, this Court entered a Memorandum and Order disposing of five motions to dismiss (Docs. 200-203, 205). (*See* Doc. 230). In the Order, the Court dismissed Counts 3, 4, 6, 7, and 8 (all with prejudice), as well as all claims against Defendant Roloff (with prejudice). (*Id*. at 5). Counts 1, 2, and 5 remained pending. (*Id*.). However, the Court subsequently entered an order disposing of two of these remaining claims in response to the motion to dismiss filed at Document 204. (*See* Doc. 255). In the Order, the Court dismissed Count 2 (without prejudice) on exhaustion grounds and Count 5 (with prejudice) on statute of limitations grounds. (*Id*.). Only Count 1 against Defendant Fozzard survived. (*Id*.).

### FIRST MOTION TO RECONSIDER (Doc. 268)

Plaintiff now seeks reinstatement of Count 8 against Defendants Fozzard, Roal, Hollingsworth, Parent, Barney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, and Howard. In support of the motion, Plaintiff relies on the United States Supreme Court's recent decision in *Tanzin v. Tanvir*, -- U.S. --, 141 S.Ct. 486 (decided Dec. 10, 2020), holding that RFRA's remedies provision permits litigants to obtain money damages against federal officials in their individual capacities. *Id*.

When considering this issue pre-*Tanzin*, this Court reached the opposite conclusion. (Doc. 230). RFRA authorizes a "[a] person whose religious exercise has been burdened in violation of this section [to] assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." *Id*. In the Memorandum and Order dated August 13, 2019, this Court noted that the question of whether money damages against an individual

3

federal officer constitutes "appropriate relief" against "a government" remained unsettled.  After considering the split of authority and the arguments raised by the parties, the Court sided with those courts which held that RFRA does *not* authorize money damages against federal officials in their individual capacities.  The Court dismissed Count 8 against all individual defendants.  (*Id*.).

In the wake of the Supreme Court's decision in *Tanzin*, Plaintiff asks the Court to allow him to proceed with his RFRA claim against the individual federal officials.  (Doc. 268). Defendants agree that this Court's legal conclusion regarding the availability of money damages against these individuals was erroneous, but they maintain that the error was harmless.  Defendants instead ask the Court to leave its decision undisturbed, after finding that qualified immunity shields the individuals from liability.  (*See* Doc. 269).

The Court has inherent authority to reconsider nonfinal orders, like the one at issue in Document 230.  Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *See* FED. R. CIV. P. 54(b).  The Supreme Court has explained that "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983).  According to the Seventh Circuit Court of Appeals, "nonfinal orders are generally modifiable." *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007).  With that said, motions for reconsideration generally serve a limited purpose—"to correct manifest errors of law or fact or to present newly discovered evidence." *Rodriguez v. City of Chicago*, 2012 WL 4795702, at *1 (N.D. Ill. 2012)

4

(quoting *Caisse v. Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)).

There is no question that *Tanzin* renders this Court's prior decision on the same issue erroneous, and the Court finds that it is an error warranting reinstatement of Count 8 against Defendants Fozzard, Roal, Hollingsworth, Parent, Barney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, and Howard. Defendant Roloff, who was also named in connection with this claim, was dismissed from this action with prejudice on different grounds, and Plaintiff has not challenged this dismissal. (Doc. 230, p. 5).

The Court rejects Defendants' invitation to leave its Order dismissing Count 8 undisturbed because qualified immunity shields the individual defendants from liability. This is an affirmative defense that may shield some or all of the defendants from liability. However, the issue has neither been properly raised nor fully briefed. If Defendants seek to raise the issue, they are free to do so in a separate dispositive motion.

**MOTIONS TO STRIKE / DISMISS FIFTH AMENDED COMPLAINT (Docs. 259 and 260)**

When the Court dismissed Count 8 against the individual defendants, it also granted Plaintiff leave to file a Fifth Amended Complaint adding only a claim for injunctive relief against the BOP. (*See* Doc. 230, 251, and 256). Although he filed a timely Fifth Amended Complaint, Plaintiff did not comply with the Court's Orders to only add a claim for injunctive relief against the BOP. In addition to re-pleading claims that were previously dismissed, Plaintiff set forth additional factual allegations against then-dismissed defendants in Count 8. This is certainly not the first time Plaintiff has failed to properly amend a complaint in direct violation of the Court's instructions and orders. He was previously warned that the Court will not tolerate more haphazard amendments. *See* Doc. 230 ("This case has now dragged on for five years and is barely past the

5

pleading stage. Because of Ajaj's extremely haphazard approach in his pleadings, the Court has had to warn him again and again about what he can and cannot do when filing new complaints. (Docs. 137, 140). The Court will not grant him further leniency."). The Fifth Amended Complaint violates this Court's Orders at Documents 230, 251, and 256, and it shall be dismissed. Accordingly, Defendant BOP's Motion to Strike Fifth Amended Complaint (Doc. 259) and Defendants' Motion to Dismiss Fifth Amended Complaint are **GRANTED**. The Fourth Amended Complaint now controls this action.

### DISPOSITION

**IT IS ORDERED** that Plaintiff's First Motion for Reconsideration of Memorandum and Order dated August 13, 2019 (Doc. 268), Defendant Federal Bureau of Prison's Motion to Strike Fifth Amended Complaint (Doc. 259) and Defendants' Motion to Dismiss Fifth Amended Complaint (Doc. 260) are **GRANTED**.

**IT IS ORDERED** that **COUNT 8** is **REINSTATED** against Defendants Fozzard, Roal, Hollingsworth, Parent, Baney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, and Howard.

The Clerk's Office is **DIRECTED** to **REINSTATE** Fozzard, Roal, Hollingsworth, Parent, Baney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, and Howard as defendants in CM/ECF and **TERMINATE** all other defendants as parties to this action.

The Fourth Amended Complaint (Doc. 221) now serves as the operative complaint. Count 1 will proceed against Defendant Fozzard, and Count 8 will proceed against Defendants Fozzard, Roal, Hollingsworth, Parent, Baney, Irvin, Cardona, Winklmeier, Neumann, Szoke, Rivas, Alexander, and Howard.

The Scheduling Clerk is **DIRECTED** to set a date and time for a telephonic status conference as soon as possible.

**IT IS SO ORDERED.**

**DATED: 3/12/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
